Pascal J. **DUBOIS,** Appellant

v.

Michael T. **ABODE,** Warden; Debra A. Crapella, Chief of Administrative Services; Sandra Vargas, Director of Medical Department; Dr. Wadhwa; Middlesex County Correction Center; Correctional Medical Services, Inc.; Quality Claims Adjusters Inc.; Middlesex County Sheriff Department; Officer Alex Pepenella,* Sheriff # 86; Keating Building Corporation; ABC Corp. (*Amended per order of 2/23/05).

No. 04–4682.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) April 28, 2005.

Decided July 27, 2005.

---

Pascal J. Dubois, Bridgeton, NJ, pro se.

Lori A. Dvorak, Lynch, Keefe & Bartels, Shrewsbury, NJ, Susan K. O'Connor, Hoagland, Longo, Moran, Dunst & Doukas, New Brunswick, NJ, Stephen E. Siegrist, Murphy & O'Connor, Cherry Hill, NJ, Patrick J. Bradshaw, Kelso & Bradshaw, New Brunswick, NJ, Clark W. Convery, Convery, Convery & Shihar, Edison, NJ, Susan P. Gilbert, Spadoro & Hilson, Woodbridge, NJ, for Appellees.

Before ALITO, McKEE and AMBRO, Circuit Judge.

## OPINION

PER CURIAM.

Pascal Dubois, an inmate at South Woods State Prison in New Jersey, filed this action pursuant to 42 U.S.C. § 1983 based upon events that occurred while he was a pretrial detainee. Dubois alleged that various of the named defendants acted with deliberate indifference to his serious medical needs relating to (1) a back and rib injury sustained during his transport from the Middlesex County Courthouse to the pretrial detainee correction center; and (2) an eye condition. Dubois also alleged that defendant Abode violated his First Amendment rights by interfering with or withholding Dubois' outgoing legal mail.[1]

The defendants all filed motions to dismiss or for summary judgment. The District Court found that Dubois' claim against Quality Claims Adjusters ("QCA") fails as QCA had no personal involvement

---

1. Because the background and specific allegations in Dubois' complaint are fully and accurately set forth by the District Court, we have merely summarized that information here. *See* June 29, 2004 D. Ct. Op. at 2–4.

in Dubois' medical care. As to defendants Pepenella and Middlesex County Sheriff's Office ("MCSD"), the District Court found that they did not act with deliberate indifference as any delay in the treatment received by Dubois was minimal and did not exacerbate his injuries. The District Court also found that Dubois' claim against the Middlesex County Adult Correction Center ("MCACC") seeks to hold MCACC liable solely based upon the actions of its employees, but liability under 42 U.S.C. § 1983 cannot be based upon the doctrine of respondeat superior. In addition, the District Court found that as to Dubois' back and rib injury, he failed to establish that Correctional Medical Services ("CMS"), Dr. Wadhwa, Vargas, Crapella, or Abode acted with deliberate indifference as Dubois sought and received adequate medical treatment on at least twenty-five occasions in a nineteen-month period. The District Court next found that Dubois did not proffer evidence to support his claim that Abode denied him access to the courts, or that Dubois was actually injured as a result of Abode's alleged actions.

The District Court also found that CMS's contract to provide medical care had expired before Dubois submitted a request for an eye examination. The District Court likewise found that Crapella did not actively participate in providing Dubois' eye care. Accordingly, the District Court found that both of these claims lacked merit as Dubois failed to establish that either defendant had personal involvement in the alleged wrongs. As to Dubois' claims against defendants Abode, Dr. Wadhwa, and Vargas for his eye condition, because the record was insufficiently developed, the District Court initially denied summary judgment and requested supplemental briefing addressing this issue. After further briefing, the court found that Dubois' injury was not serious as his eye

examination found no evidence of visual disturbance, and showed that his pupils were normal. In addition, the court found that the defendants did not act with deliberate indifference as the record demonstrates that Dubois received adequate medical care. Therefore, the District Court dismissed the complaint.

Dubois timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Dubois has been granted leave to proceed *in forma pauperis* on appeal. When an appellant proceeds *in forma pauperis*, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). After a careful review of the record, we will dismiss this appeal as frivolous.

 The District Court's June 29, 2004, and November 30, 2004 opinions are well-reasoned and comprehensive. As it noted, Dubois failed to show that QCA had personal involvement in his medical care. *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir.2003). As to defendants Pepenella and MSCD, Dubois cannot establish that they acted with deliberate indifference. *See Beers–Capitol v. Whetzel*, 256 F.3d 120 (3d Cir.2001). Dubois' claim against MCACC lacks merit because liability under 42 U.S.C. § 1983 cannot be solely based upon the doctrine of respondeat superior. *See Rouse v. Plantier*, 182 F.3d 192, 200 (3d Cir.1999). With regard to Dubois' back and rib injuries, Dubois failed to establish that CMS, Dr. Wadhwa, Vargas, Crapella, or Abode acted with deliberate indifference. *See Beers–Capitol*, 256 F.3d at 120. Concerning Dubois' eye condition, Dubois also failed to establish that Dr. Wadhwa, Vargas, or Abode acted with deliberate indifference, or that Crapella or

CMS had personal involvement in the alleged wrongs. *See id.; Sutton,* 323 F.3d at 249. Accordingly, Dubois' medical-based claims were correctly dismissed. Finally, the record does not demonstrate that Dubois was actually injured from the alleged interference with his legal mail. *See Oliver v. Fauver,* 118 F.3d 175, 177–78 (3d Cir.1997). Accordingly, the District Court's dismissal of this claim was proper.

In sum, because Dubois' appeal lacks arguable merit in fact or law, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).